# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| HOWARD LANE NE INDUSTRIAL OWNER, LLC, *Plaintiff* § § § § | |
| v. § | No. 1:24-CV-00511-JRN |
| § | |
| CIVIL & ENVIRONMENTAL CONSULTANTS, INC., *Defendant* § § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
        SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Civil & Environmental Consultants, Inc.'s ("CEC") motion to transfer venue to the Western District of Pennsylvania, Pittsburgh Division, Dkt. 6, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge deny the motion.

### I.   BACKGROUND

Plaintiff Howard Lane NE Industrial Owners, LLC ("Howard Lane"), a real estate developer, brought claims of negligence against CEC based on errors in a title survey CEC conducted. Dkt. 1-3. Howard Lane alleges that it relied on the faulty title survey in deciding to purchase property on which to build a commercial warehouse, only to later discover that CEC's survey had failed to identify a transmission tower within an existing easement on the property that would significantly impact the

1

potential size of the planned warehouse, and thus Howard Lane's investment in the property. *Id.* at 4.

Although Howard Lane was not a party to the contract, CEC had prepared the survey pursuant to a contract it claims to have entered with United Properties—a company affiliated with Howard Lane. Dkts. 1-3, at 3; 7-4; 7-5. The contract between CEC and United Properties contained a forum-selection clause stating that "any court of record in Allegheny County, Pennsylvania, shall have the exclusive jurisdiction and venue over any claims relating to or arising under" the contract. Dkt. 7-5, at 11. Based on this forum-selection clause, CEC moved to transfer this case to the Western District of Pennsylvania, Pittsburgh Division. Dkt. 6. Howard Lane opposed the motion, arguing that the forum-selection clause should not be enforced against it as a non-signatory to the contract. Dkt. 8. CEC filed a reply, Dkt. 9, and Howard Lane filed an objection to a new argument raised in CEC's reply, alternatively requesting leave to file a sur-reply, Dkt. 10.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A party seeking a transfer under section 1404(a) "must show good cause" by "clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Def. Distributed v.*

*Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*")).

"When the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected." *Id.* The 1404(a) analysis begins with an assessment of whether the case "might have been brought" in the destination venue. 28 U.S.C. § 1404(a); *see also In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If so, the Court next evaluates "'all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3847 (4th ed. 1986)).

Valid forum-selection clauses represent the parties' consent under section 1404(a) and so are presumptively enforceable because they "represent[] the parties' agreement as to the most proper forum." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). They "[should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting *Stewart*, 487 U.S. at 33) (alteration in original). As a general matter, however, "a forum-selection clause may be enforceable only by and against a party to the agreement containing the clause." *Ney v. 3i Grp. PLC*, No. 1:20-CV-1142-LY-ML, 2021 WL 8082411, at *9 (W.D. Tex. Apr. 13, 2021) (citing *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443 (Tex. 2017)), *report and*

*recommendation adopted*, No. 1:20-CV-1142, 2021 WL 8082324, at *1 (W.D. Tex. Apr. 30, 2021), *aff'd*, No. 21-50431, 2023 WL 6121774, at *5 (5th Cir. Sept. 19, 2023). In some "limited circumstances" courts may nevertheless enforce on equitable grounds a forum-selection clause invoked by a nonsignatory. *Franlink Inc. v. BACE Servs., Inc.*, 50 F.4th 432, 445, 441 (5th Cir. 2022).

### III.   DISCUSSION

CEC moved to transfer this case to the Western District of Pennsylvania, Pittsburgh Division based on a forum-selection clause in an agreement between CEC and non-party United Properties. Dkt. 6, at 5-9. Howard Lane objected to the application of the forum-selection clause to this dispute since it was not a party to the agreement between CEC and United Properties, and in any event, it is unclear from the record whether United Properties ever agreed to the contract containing the forum-selection clause. Dkt. 8, at 5-7. In reply, CEC insists that Howard Lane is "closely related" to United Properties, and thus properly subject to the forum-selection clause as a non-signatory. Dkt. 9, at 4-5. Howard Lane filed an objection to CEC's reply, arguing that the Court should strike CEC's argument, raised for the first time in its reply, that Howard Lane is "closely related" enough to the signatory and dispute to be bound by the forum-selection clause—and alternatively seeking leave to file a sur-reply. Dkts. 10; 10-1.[1]

---

[1] Because the undersigned finds that CEC raised its "closely related" argument for the first time in its reply, **IT IS ORDERED** that Howard Lane's motion to file a sur-reply, Dkt. 10, is **GRANTED**. *See White v. City of Red Oak, Texas*, No. 3:13-CV-4477-P, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) ("When new arguments are raised, a court may strike the evidence or arguments or it may grant the opposing party leave to file a Sur-reply."). Howard Lane's objection to CEC's reply, Dkt. 10, is otherwise **DENIED**.

Having considered all the briefing submitted by the parties, the undersigned finds that CEC has not met its burden of demonstrating that transfer is merited based on the forum-selection clause in the contract it entered with United Properties.[2] In its motion, CEC contends that the forum-selection clause should be enforced against Howard Lane based on the fact that United Properties, as Howard Lane's "affiliated company," entered into the contract containing the forum-selection clause. Dkt. 6, at 6 (citing Dkt. 1-3, at 3). CEC cited no authority in support of this argument, and only in its reply referred the Court to cases where courts have enforced forum-selection clauses "when non-signatory parties or their conduct are closely related to the contract." Dkt. 9, at 4 (citing *Huawei Technologies Co., Ltd. v. Huang*, No. 4:17-00893, 2018 WL 1964180, at *9 (E.D. Tex. Apr. 25, 2018); *Excel Mktg. Sols. Inc. v. Direct Fin. Sols., LLC*, No. 3:11-0109-D, 2011 WL 1833022, at *6 (N.D. Tex. May 13, 2011)). CEC also insists that the "closely related" doctrine has never been endorsed by the Fifth Circuit. Dkt. 9, at 4. As Howard Lane points out, however, this is incorrect. Dkt. 10-1, at 1.

In *Franlink*, the Fifth Circuit explicitly adopted the doctrine. 50 F.4th at 442. There, the court outlined four factors to be used in determining whether to enforce a forum-selection clause against a non-signatory: (1) common ownership between the signatory and the non-signatory; (2) direct benefits obtained from the contract at issue; (3) knowledge of the agreement generally; and (4) awareness of the forum-

---

[2] The undersigned assumes, without deciding, that United Properties accepted CEC's proposed terms for the agreement and thus entered into the contract containing the forum-selection clause.

selection clause particularly. *Id.* ("[T]he closely-related doctrine is context specific and is determined only after weighing the significance of the facts relevant to the particular case at hand."). The Fifth Circuit advised that "a narrow application of the doctrine is both appropriate and necessary" given, among other criticisms, the due process concerns involved with enforcing a forum-selection clause against a non-signatory. *Id.* at 441-42, n.8.

Here, CEC bases its argument for application of the "closely related" doctrine to Howard Lane on the allegation that United Properties is Howard Lane's "affiliated company" and an exhibit to its motion showing that Howard Lane was a recipient of the survey CEC performed under the contract. Dkts. 1-3, at 3; 9, at 5; 7-7. While Howard Lane may have benefitted from the contract by receiving the survey, CEC has provided no "evidentiary basis" for concluding that Howard Lane's "affiliation" with United Property involved common ownership or that Howard Lane was aware of the contract in general or of the forum-selection clause in particular—even if it was aware that CEC performed the survey. *See* Dkts. 6; 9; *Franlink*, 50 F.4th at 442 (declining to apply "closely related" doctrine to non-signatory where there was "no 'evidentiary basis' that [non-signatory] had 'an awareness of the [forum-selection] clause, its contents, [or] that it might be defensively invoked'" (citing *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 65 (3d Cir. 2018))). Given that CEC has failed to satisfy the Fifth Circuit's test for establishing that Howard Lane was so "closely related" to United Properties so as to permit enforcement of the forum-

selection clause against Howard Lane, the undersigned recommends that CEC's motion to transfer be denied.[3]

## IV.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** CEC's motion to transfer, Dkt. 6.

The referral to the Magistrate Judge should now be canceled.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

[3] Because CEC cannot show that the forum-selection clause should be enforced against Howard Lane, the undersigned will not address the public-interest factors relevant to whether to transfer this case pursuant to such a clause. CEC did not otherwise argue that the private-interest factors governing motions to transfer venue under section 1404(a) apply here.

7

SIGNED November 21, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE